THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:26-cv-00059-M

LORRAYNE MAVROMATIS,      )
         )
    Plaintiff      )
         )    **REPORT OF THE PARTIES'**
   v.      )    **PLANNING MEETING**
         )    Fed. R. Civ. P. 26(f)
MRBEASTYOUTUBE, LLC and      )
GAMECHANGER 24/7, LLC,      )
         )
    Defendants      )

### REPORT OF THE PARTIES' PLANNING MEETING

1.  The following persons participated in Rule 26(f) conferences:

    On May 19, 2026 by video conference,

    Rebecca Mayer (The Noble Law Firm) with Loren Donnell and James Vagnini (Valli,

    Kane & Vagnini), representing Plaintiff;

    Robert Harrington and Douglas Jarrell (Robinson Brashaw) with John Butts and

    Thanithia Billings (WilmerHale) representing Defendants;

    On June 2, 2026 by video conference,

    Rebecca Mayer and Loren Donnell, representing Plaintiff.

    Robert Harrington and John Butts, representing Defendants

    On June 9, 2026 by video conference,

    Rebecca Mayer, Loren Donnell, and James Vagnini, representing Plaintiff

    Robert Harrington and John Butts, representing Defendants;

    In addition, the parties conferred by email throughout this period and up until June 22,

    2026.

2. Preliminary Matters.

Plaintiff intends to file an amended complaint to add Title VII claims following her exhaustion of administrative remedies with the Equal Employment Opportunity Commission. Plaintiff will as soon as practicable request the dismissal of her EEOC claim and that the EEOC issue her a Right to Sue Letter; and Defendants waive any argument that Plaintiff failed to exhaust Title VII administrative remedies on her current EEOC claims by making that request. The parties anticipate that the EEOC will issue a right to sue letter within 30 days.

After issuance of the EEOC Right to Sue Letter, the parties agree to promptly confer on Plaintiff's proposed amended complaint to discuss whether Defendants will consent to Plaintiff's filing. If Defendants do not consent, Plaintiff will as soon as practicable file a motion to amend. In the event Defendant opposes amendment of the complaint, Defendants agree they will not later file a motion to dismiss on the same grounds. Defendants also agree that if they oppose a motion to amend, for purposes of the statute of limitations that requires Plaintiff to file a complaint within 90 days of the EEOC's Right to Sue Letter, the period from the filing of Plaintiff's motion to amend until the Court's ruling on that motion shall be tolled.

2. Initial Disclosures.

By July 2, 2026, the parties propose to serve initial disclosures required by Rule 26(a)(1).

3. Discovery Plan. The parties propose this discovery plan:

(a) Discovery will be needed on these subjects:

(i) <u>Plaintiff</u>: Plaintiff believes that discovery will be needed on the following topics: Plaintiff's claims as set forth in the Complaint and forthcoming Amended

2

Complaint; damages sought by Plaintiff and any efforts to mitigate those damages; defenses set forth in Defendants' Answer; any expert disclosures; and any nonprivileged matter that is relevant to any party's claim or defense as set out herein and proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1).

(ii)     <u>Defendants</u>:  Defendants believe that discovery will be needed on the following topics:  Plaintiff's allegations; Plaintiff's claimed damages and her efforts to mitigate those purported damages; the opinions of proffered experts; and any nonprivileged matter that is relevant to any party's claim or defense as set out herein and proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1).

(b)     The parties propose to commence limited fact discovery on July 2, 2026, on claims plead in the original complaint and to complete fact discovery 6 months after the filing of the amended complaint or 6 months from start of discovery in the event Plaintiff has to commence a separate Title VII action.  The parties do not anticipate the need to sequence topics of fact discovery.  Following fact discovery, the parties propose a 3-month period for expert discovery.

(c)     The parties propose a maximum of 30 interrogatories per side to be answered in accordance with the Fed. R. Civ. P. 33.

(d)     The parties propose a maximum of 30 requests for admission per side to be answered in accordance with the Fed. R. Civ. P. 36.

(e)     The parties propose depositions be governed by Fed. R. Civ. P. 30 and 31 and they do not commence until after Plaintiff's amended complaint is filed or the

3

Court denies Plaintiff's motion to amend.

(f)     The parties propose that, depositions be limited to one day of no more than seven hours of testimony

(g)     The parties propose that Plaintiff shall produce reports of expert witnesses within 30 days of the close of fact discovery and that Defendants shall produce reports of their expert witnesses within 60 days of the close of fact discovery.

(h)     The parties propose supplementation promptly after becoming aware of information requiring supplementation under Rule 26(e).

(i)     The parties intend to negotiate a protocol to govern the production of electronically stored information and a protective order to propose to the Court which will govern the use of confidential information and any inadvertent production of privilege information.  The parties do not anticipate issues concerning the preservation of electronically stored information.

(j)     The parties do not anticipate issues regarding claims of privilege or of protection as trial-preparation materials.  The parties will address Federal Rule of Evidence 502 in their proposed protective order.

4.     Other Items:

(a)     If the Court accepts the parties proposal, they do not believe that a scheduling conference is necessary.

(b)     The parties request that the Court set a pretrial conferences upon the request of the parties or otherwise by order of the Court.

(c)-(d)     The parties agree that they shall file motions to join additional parties or to amend the pleadings promptly after information giving rise to the motion becomes

4

known and in accordance with the Federal Rules of Civil Procedure. The parties propose that the last day for Plaintiff to file such motions be 90 days after the commencement of discovery and the last day for Defendants to do so be 120 days after the commencement of discovery.

(e)     The parties propose to file dispositive motions no later than 30 days after the completion of all discovery (fact and expert).

(f)     The parties agree that the prospects for settlement are currently low.

(g)     The parties agree that this case requires mandatory mediation pursuant to Local ADR Rule 101. The prospects of settlement may be enhanced by the use of mediation at or near the completion of discovery.

(h)     The parties propose submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists 45 days prior to the Final Pretrial Conference.

(i)     The parties propose filing objections under Rule 26(a)(3) 21 days before the Final Pretrial Conference.

(j)     The parties propose that motions in limine shall be filed no later than fourteen (14) days prior to the pretrial conference.

(k)     The parties propose trial 90 days after the resolution of any post-discovery dispositive motions. The parties are not presently able to project the length of trial at this time, but for planning purposes project 5-8 full trial days.

(l)     N/A.

Date:  June 22, 2026

/s/ Loren B. Donnell

**VALLI KANE & VAGNINI LLP**
Loren B. Donnell
Florida Bar No. 13429
ldonnell@vkv.law
James A. Vagnini
New York Bar No. 2958130
jvagnini@vkv.law
600 Old Country Road, Suite 519
Garden City, New York 11530
(516) 203-7180

s/ Rebecca Mayer

**THE NOBLE LAW FIRM PLLC**
Rebecca Mayer
NC Bar No. 64348
bmayer@thenoblelaw.com
700 Spring Forest Rd, Suite 205
Raleigh, NC 27609
(919) 251-6008
Fax (919) 869-2079
Local Civil Rule 83.1(d) Attorney for Plaintiff

*Counsel for Lorrayne Mavromatis*

Date:  June 22, 2026

/s/ Robert E. Harrington

Robert E. Harrington
N.C. State Bar No. 26967
rharrington@rbh.com

Douglas M. Jarrell
N.C. State Bar No. 21138
djarrell@rbh.com

**ROBINSON, BRADSHAW & HINSON, P.A.**
600 S. Tryon Street, Suite 2300
Charlotte, North Carolina 28202
Telephone: (704) 377-2536
Facsimile: (704) 378-4000

Felicia H. Ellsworth
Admitted *pro hac vice*
Felicia.Ellsworth@wilmerhale.com

6

John J. Butts
Admitted *pro hac vice*
John.Butts@wilmerhale.com

Thanithia Billings
Admitted *pro hac vice*
Thanithia.Billings@wilmerhale.com

**WILMER CUTLER PICKERING
HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

*Counsel for MrBeastYouTube, LLC and
GameChanger 24/7, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 22, 2026 a true and correct copy of the foregoing document was served via electronic email to all counsel of record.

*/s/ Loren B. Donnell*
Loren B. Donnell

7